# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Rashad Robinson, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:21-cv-02066-RMG |
| ) | |
| City of Charleston; Luther T. Reynolds, ) | |
| Individually and in his official capacity as ) | |
| Chief of the City of Charleston Police ) | |
| Department; and Kevin Schlieben, ) | |
| Individually and in his capacity as an agent/ ) | |
| Employee of the City of Charleston Police ) | |
| Department, ) | |
| ) | |
| Defendants. ) | **ORDER AND OPINION** |
| ) | |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge recommending the Court grant in part, deny in part Defendants' motion to dismiss. (Dkt. No. 14 ). For the reasons set forth below, the Court adopts in part and declines to adopt in part, the R & R as the Order of the Court.

**I.    Background**

Rashad Robinson ("Plaintiff") brings claims against the City of Charleston Police Department, Luther T. Reynolds, individually and in his capacity as Chief of the City of Charleston Police Department, and Kevin Schlieben, individually and in his capacity as an agent/employee of the City of Charleston Police Department. (Dkt. No. 1-1). Plaintiff alleges that on July 1, 2019, two Charleston city police officers attempted to interrogate him while he was walking to work in downtown Charleston. (*Id*. at ¶¶ 18-20). Plaintiff alleges the officers escalated the situation which resulted in the officers placing handcuffs on Plaintiff. (*Id*. at ¶¶26-27). Plaintiff alleges that while

1

in handcuffs, Defendant Schlieben struck Plaintiff violently in the head.  (*Id.* at ¶ 28).  Plaintiff brings several state law claims against Defendants.  In addition, Plaintiff asserts a due process claim and an excessive force claim pursuant to 42 U.S.C. § 1983 against Defendants.  (*Id.* at ¶¶ 82-85; 86-91).  Plaintiff seeks compensatory and punitive damages pursuant to state and federal law.

On July 16, 2021, Defendant City of Charleston and Defendant Chief Reynolds filed a partial 12(b)(6) motion to dismiss.  (Dkt. No. 7).  Plaintiff filed a response in opposition.  (Dkt. No. 12).  Defendants filed a reply.  (Dkt. No. 13).  On August 23, 2021, the Magistrate Judge issued an R & R recommending the Court grant in part, deny in part Defendants' motion to dismiss.  (Dkt. No. 14).  Plaintiff filed timely objections to the R & R.  (Dkt. No. 22).  Defendants filed a reply to Plaintiff's objections.  (DKt. No. 23).  The matter is ripe for the Court's review.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976).  This Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l).  In the absence of any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  Plaintiff filed objections, and the Court will review the R & R *de novo*.

## III. Discussion

2

Upon a careful review of the pleadings, the R &R, and Plaintiff's objections to the R & R, the Court finds the Magistrate Judge comprehensively analyzed the issues to determine that Defendants' motion to dismiss should be granted in part, denied in part. Defendants move to dismiss the following of Plaintiff's claims: (1) § 1983 claims against Defendant City of Charleston and Defendant Chief Reynolds; (2) all state law claims against Defendant Chief Reynolds; (3) negligent infliction of emotional distress- outrage; and (4) request for punitive damages.

First, Defendants move to dismiss Plaintiff's § 1983 claims asserted against Defendant City of Charleston and Defendant Chief Reynolds. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege, or immunity secured by the Constitution or laws of the United states," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998).

As to Plaintiff's § 1983 claims against the City of Charleston, a municipality is only liable pursuant to § 1983 if it causes such a deprivation through an official policy or custom. *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)). Municipal liability may be imposed where omissions or affirmative decisions by policymaking officials that manifest deliberate indifference to the rights of citizens are found to exit. *Carter*, 164 F.3d at 218.

The Magistrate Judge correctly determined that at this stage in the litigation, Plaintiff has alleged sufficient facts in the Complaint to set forth a plausible constitutional violation by Defendant City of Charleston police officers whereby Defendant City of Charleston may be liable for the alleged actions of its officers by tolerating the conduct. For example, the Complaint alleges Defendant Schlieben was acting within the scope of his duties as an officer with the Charleston

Police Department. (Dkt. No. 1-1 at ¶ 6). Plaintiff alleges officers including Defendant Schlieben, assaulted him while he was handcuffed. (*Id.* at ¶ 26, 27, 28, 36). Plaintiff alleges the City of Charleston was "deliberately indifferent to the wrongful acts and omissions on the part of [its] officers" which "fostered an environment where improper and unconstitutional conduct was condoned, tolerated, and/or emboldened by the policy-making authorities." (*Id.* at ¶ 41). Plaintiff alleges Defendants failed to properly train officers and to adopt and implement rules and policies against the conduct at issue. (*Id.* at ¶¶ 83(3) and 83(4)). Defendants' motion to dismiss Plaintiff's § 1983 claims against Defendant City of Charleston is denied.

As to Plaintiff's § 1983 claims asserted against Defendant Chief Reynolds, the Magistrate Judge interpreted Plaintiff's allegations against Defendant Chief Reynolds as attempting to assert a claim pursuant to a § 1983 supervisory liability theory and determined the Complaint failed to state a claim on this ground. (Dkt. No. 14 at 5-7). In response in opposition to Defendants' motion to dismiss, Plaintiff attaches several exhibits. (Dkt. Nos. 12-1, 12-3, 12-3). The attached exhibits purport to show that: (1) a prior lawsuit was filed against the Police Department and Chief Reynold's predecessor that alleges excessive force by Defendant Schlieben; and (2) a disciplinary report of Defendant Schlieben of which Defendant Schlieben's supervisors were "surely aware of." (Dkt. No. 22 at 2). The Magistrate Judge acknowledges these exhibits and noted that Plaintiff's Complaint contains no allegations referencing or relating to the attached exhibits. (Dkt. No. 1-1); (Dkt. No. 14 at 6). Plaintiff objects to the Magistrate Judge's dismissal of his § 1983 claims for supervisory liability against Defendant Chief Reynolds. (Dkt. No. 22 at 1). In his objections, Plaintiff concedes that although the Complaint does not specifically allege § 1983 supervisory liability, the timeframe to amend the pleadings has not lapsed and Plaintiff intends to fix the deficiencies as to this claim. (Dkt. No. 22 at 2).

Upon consideration of Plaintiff's objections to the R & R and the fact the deadline to amend pleadings had not yet passed as of the filing of Plaintiff's objections, the Court finds it appropriate to grant Plaintiff leave to amend the complaint to address the deficiencies associated with his § 1983 supervisory liability claim against Defendant Chief Reynolds. The Defendants' motion to dismiss is denied as moot as to this claim and the Court declines to adopt the R & R as to this claim. (Dkt. No. 14 at 5-7).

Second, Defendants move to dismiss Plaintiff's state law claims asserted against Defendant Chief Reynolds pursuant to the South Carolina Tort Claims Act ("SCTCA") § 15-78-10, *et seq*. Under the SCTCA, "[a]n employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except . . . if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70. When a person brings an action against a governmental entity pursuant to the SCTCA, the person "shall name as a party defendant only the agency of political subdivision for which the employee was acting." *Id.*; *Newkirk v. Enzor*, 240 F. Supp.3d 426, 436 (D.S.C. 2017). Thus, an "employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable and the plaintiff must sue the governmental agency itself." *Newkirk*, 240 F. Supp. 3d 436.

Here, Plaintiff named City of Charleston as a Defendant along with Chief Reynolds as a Defendant. As an employee of the City of Charleston, Chief Reynolds is not a proper party under the SCTCA. The only proper Defendant for Plaintiff's tort claims is the City of Charleston. S.C. Code Ann. § 15-78-70(c); *Kinard v. Greenville Police Dep't*, C.A. No. 6:10-cv-3246-JMC, 2011

WL 3439292, at * 6 (D.S.C. Aug. 2011). Defendants' motion to dismiss state law claims against Defendant Chief Reynolds is granted.

Third, Defendants move to dismiss Plaintiff's claim for punitive damages. "[A] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). In South Carolina, punitive damages are not recoverable against a state or its political subdivisions. *See MacMurphy v. S.C. Dep't of Highway and Pub. Transp.*, 367 S.E.2d 150, 151 (S.C. 1988). Punitive damages are not available under the SCTCA. "No award of punitive damages under [the Tort Claims Act] shall include punitive or exemplary damages or interest prior to judgment." S.C. Code Ann. § 15-78-120. Accordingly, Defendants' motion to dismiss Plaintiff's claim for punitive damages is granted.

Last, Defendants move to dismiss Plaintiff's claim for negligent infliction of emotional distress. (Dkt. No. 1 at ¶¶ 73-75). In South Carolina, the tort of negligent infliction of emotional dismiss is "limited to bystander recovery." *Stewart v. State Farm Mut. Auto. Ins. Co.*, 533 S.E.2d 597, 603 (S.C. Ct. App. 2000). Plaintiff does not allege that he was a bystander in the alleged accident, but rather, Plaintiff alleges that he was the subject of the incident. Thus, Defendants' motion to dismiss as to Plaintiff's claim for negligent infliction of emotional distress is granted.

### IV.  Conclusion

For the reasons stated above, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R as the Order of the Court. (Dkt. No. 14). The Court **DECLINES TO ADOPT** the determination of the Magistrate Judge that Plaintiff's § 1983 supervisory liability claim against Defendant Chief Reynolds should be dismissed for failure to state a claim beginning on Page 5, line 4 and ending on Page 7, line 15. The R & R is otherwise **ADOPTED**.

Defendants' motion to dismiss is **GRANTED** as to Plaintiff's claims for negligent infliction of emotional distress, punitive damages, and state law claims against Defendant Chief

Reynolds. (Dkt. No. 7). Defendants' motion to dismiss is **DENIED** as to Plaintiff's § 1983 supervisory liability claims against Defendant City of Charleston. (*Id.*). The Defendants' motion is **DENIED AS MOOT** as to Plaintiff's § 1983 supervisory liability claim against Defendant Chief Reynolds. (*Id.*). The Court instructs Plaintiff to file an Amended Complaint to addresses the deficiencies associated with his § 1983 supervisory liability claim against Defendant Chief Reynolds within ten (10) days. Any dispositive motion related to Plaintiff's Amended Complaint shall be re-referred to the Magistrate Judge.

    **AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

September 15, 2021
Charleston, South Carolina